IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL F. SANCHEZ,

    Plaintiff,

v.                                 No. CV 11-0153 RB/WPL

MR BRETT PARKER ASSISTANT
DISTRICT ATTORNEY THIRTEENTH
JUDICIAL DISTRICT,
"VALENCIA COUNTY SHERIFF'S"
OFFICERS SGT ALAN MONTANO #2736,
SGT C. JOSEPH,
OFFICER LAURA MCALISTER #3499,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This removed matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and was granted free process in the state court action. Based on the state court's finding of Plaintiff's indigency, the Court will grant Plaintiff leave to proceed IFP. It appears that all named Defendants were served with process, and three of the four Defendants have moved to dismiss Plaintiff's complaint on grounds of qualified immunity. Defendant Parker has not appeared in this action. For the reasons below, the Court will dismiss Plaintiff's claims against Defendant Parker.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges, *inter alia*, that Defendant Parker, a New Mexico assistant district attorney, presented criminal charges against Plaintiff to a grand jury. During subsequent court proceedings, the victims testified that Plaintiff was not involved in the charged crimes. The indictment was then dismissed "under an amended nolle prosequi without prejudice." Plaintiff seeks damages for pain and suffering in jail and for " 'slander' of my name."

Defendant Parker, an assistant district attorney, is absolutely immune to Plaintiff's claims against him. Plaintiff's only allegations are that Defendant Parker presented charges to a grand jury and subsequently declined to prosecute the indictment that had issued. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." This immunity likewise covers a prosecutor's decision <u>not</u> to prosecute. *See Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982); *Meade v. Grubbs*, 841 F.2d 1512, 1531-33 (10th Cir. 1988). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (citing *Buckley v. Fitzsimmons*, 509 U.S.

259, 273 (1993)).  The complaint contains no allegation that Defendant Parker's acts were anything other than the initiation and termination of a prosecution, and Plaintiff's claims against Defendant Parker will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Parker are DISMISSED with prejudice, and Defendant Parker is DISMISSED as party to this action.

_____
UNITED STATES DISTRICT JUDGE