## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PAUL F. SANCHEZ,

      Plaintiff,

v.                                                                                      CV 11-0153 RB/WPL

Valencia County Sheriff Officers
ALAN MONTANO, #2736,
C. JOSEPH, and LAURA
MCALISTER, #3449,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendants' Motion to Dismiss pursuant to FED R. CIV. P. 12(b)(6).  (Doc. 4.)  I recommend that the motion be granted.

### STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the non-moving party. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although a court must liberally construe pleadings filed by *pro se* litigants, it cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).  However, "dismissal under Rule 12(b)(6) without affording the plaintiff notice

or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).

## DISCUSSION

Construed liberally, Sanchez's Complaint raises claims under 42 U.S.C. § 1983 for both false arrest and false imprisonment, in violation of the Fourth and Fourteenth Amendments. (Doc. 1, Ex. 1 at 1.) In factual support, the complaint states that Sheriff Officers Alan Montano, Laura McAlister and Clyde Joseph ("Defendants") wrote a "false criminal complaint" that implicated Sanchez. (*Id.* at 2.) In the criminal complaint, Defendants stated that Sanchez was identified by victims as participating in a crime of aggravated burglary and aggravated auto burglary. (*Id.*) Ten months after the criminal complaint was filed, Sanchez was indicted by a grand jury[1] and subsequently arrested in Albuquerque under a bench warrant. (*Id.*) During later court proceedings, the victims testified that Sanchez was not involved in the crimes and, according to the complaint, the charges against Sanchez were dismissed without prejudice on July 7, 2010 "under a [sic] amended nolle prosequi." (*Id.*) Sanchez seeks $75,000 in damages for pain, suffering, and "slander of [his] name." (*Id.* at 3.)

In response, Defendants argue that the Complaint should be dismissed because: (i) the Complaint fails to state facts with sufficient specificity to survive pleading standards; (ii) Sanchez's false arrest claim is barred by qualified immunity; and (iii) Sanchez's false imprisonment claim is

---

[1] Sanchez's claims against Brett Parker, the assistant district attorney who presented the charges against Sanchez to the grand jury, have been dismissed in another order of ths Court due to prosecutorial immunity. (Doc. 6.)

barred by the Supreme Court's rule in *Heck v. Humphrey*. *Heck* holds that when state prisoners seek damages in § 1983 suits, courts may not consider claims when "judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence," unless the plaintiff can prove that the underlying conviction or sentence has already been invalidated. 512 U.S. 477, 486-87 (1994). Defendants ask me to take judicial notice of the fact that Sanchez pled *nolo contendere* to one of the charges brought in the criminal complaint, receiving stolen property, and is currently serving a sentence of two-and-one-half years as a result of that plea. (Doc. 4 at 7-8, 10.) I will take judicial notice of these facts;[2] as a result, I find that the charges against Sanchez were not all dismissed without prejudice, as his complaint alleges. Defendants argue that because New Mexico defines "conviction" as including a plea of *nolo contendere*, *Howard v. Dickerson*, 34 F.3d 978, 981 n.2 (10th Cir. 1994) (citing NMSA 1978, § 30-1-11), Sanchez's false imprisonment claim cannot be brought in a § 1983 suit for damages because judgment in his favor would imply the invalidity of Sanchez's conviction and sentence. (Doc. 4 at 11-12.) As to the false arrest claim, Defendants argue that Sanchez's *nolo contendere* plea to one of his charges and subsequent sentence establish that there was probable cause for his arrest, negating an essential element of the claim. (*Id.* at 9-10.) Sanchez has not filed a response to Defendants' Motion to Dismiss.

There is considerable law in this circuit establishing that false imprisonment claims brought in § 1983 suits for damages are barred by *Heck*. *See, e.g., Gradle v. Oklahoma*, 203 F. App'x 179, 183 (10th Cir. 2006) (unpublished); *Rowe v. Lane*, No. CIV-07-339-C, 2007 WL 2840382, at *2

---

[2] Facts contained in public records are appropriate subjects of judicial notice, *see, e.g., Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP*, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006), and Defendants have submitted a public New Mexico Courts Lookup file for Sanchez's criminal case. (Doc. 4, Ex. 1.) Additionally, "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

(W.D. Okla. Sep. 27, 2007) (unpublished). Thus, I recommend that Sanchez's false imprisonment claim be dismissed on that basis.

However, the lone case cited by Defendants in support of their argument against Sanchez's false arrest claim does not establish that, in New Mexico, a *nolo contendere* claim defeats a false arrest claim by retroactively establishing probable cause. *Jackson v. Loftis*, 189 F. App'x 775, 779-80 (10th Cir. 2006) (unpublished).[3] I have not found a case that reached such a holding after applying New Mexico law. Additionally, Tenth Circuit law is not settled as to whether *Heck* requires dismissal of Sanchez's false arrest claim.[4] I find, however, that Sanchez's false arrest claim must be dismissed for a separate reason.

To state a claim under 42 U.S.C. § 1983 for false arrest, a plaintiff must prove both that (1) defendants have deprived him of a right secured by the "Constitution and laws" of the United States, and that (2) the defendant acted "under color of law." *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). "In this circuit, the state law tort of false arrest [and] false imprisonment . . . provides a starting point for analyzing a corresponding claim under § 1983." *Jackson v. New Mexico Pub.*

---

[3] *Loftis* held that, under Oklahoma law, a plea of *nolo contendere* and the consequent adjudication of guilt estopped a defendant from later challenging the existence of probable cause under a § 1983 claim for false arrest. 189 F. App'x at 779-80. However, the decision does not speak for the law of other states, and the Tenth Circuit made its determination only after considering two Oklahoma cases that reached the same holding. *Id.* at 779 (citing *Delong v. State ex rel. Oklahoma Dep't of Pub. Safety*, 956 P.2d 937, 938-39 (Okla. Civ. App. 1998); *Irwin v. SWO Acquisition Corp.*, 830 P.2d 587, 590 (Okla. Civ. App. 1992)). In a prior decision, before the Oklahoma cases had occurred, the Tenth Circuit had held that Oklahoma would *not* bar a false arrest claim after a defendant had pleaded *nolo contendere*. *Slayton v. Willingham*, 726 F.2d 631, 634 (10th Cir. 1984).

[4] The Tenth Circuit and district courts in this circuit have occasionally held that false arrest claims brought under § 1983 suits for damages are precluded by *Heck*. *See, e.g., Burden v. Wood*, 200 F. App'x 806, 807-08 (10th Cir. 2006) (unpublished); *Krammes v. Colorado Div. of Wildlife Officers*, No. 07-cv-02336-JLK-LTM, 2010 WL 2844193, at *3 (D. Colo. June 10, 2010) (unpublished). However, the Tenth Circuit has recently stated that "false arrest claims generally do not implicate *Heck* because improprieties in arrest typically do not undermine the validity of an ensuing conviction." *Loftis*, 189 F. App'x at 779 n.1.

*Defender's Office*, 361 F. App'x 958, 964 (10th Cir. 2010) (unpublished) (citations omitted); *Hoffman v. Martinez*, 92 F. App'x 628, 632 n.3 (10th Cir. 2004) (unpublished) (stating the same). In New Mexico, "an essential element of each of those torts is a lack of probable cause." *Jackson*, 361 F. App'x at 964 (citations omitted); *Hoffman*, 92 F. App'x at 631-32 (stating the same); *see also Santillo v. New Mexico Dep't of Pub. Safety*, 173 P.3d 6, 10 (N.M. Ct. App. 2007) ("An officer who has probable cause to arrest a person cannot be held liable for false arrest or imprisonment, since probable cause provides him with the necessary authority to carry out the arrest.").

Under New Mexico law, a grand jury may not issue an indictment unless it is "satisfied . . . that an offense against the laws has been committed and that there is probable cause to accuse by indictment the person named . . . ." NMSA 1978, § 31-6-10.  Therefore, in stating that a grand jury indicted him ten months before his arrest, (Doc. 1, Ex. 1 at 2), Sanchez's complaint establishes that there was probable cause for his arrest and bench warrant.  In *Hoffman*, the Tenth Circuit found that a grand jury's probable cause determination that occurred after arrest precluded the plaintiff's false arrest and false imprisonment claims under § 1983.  92 F. App'x at 632-33.  Although some courts have found that grand jury indictments occurring after arrest did not shield officers from false arrest claims brought under § 1983, *see, e.g., Arnott v. Mataya*, 995 F.2d 121, 124 n.4 (8th Cir. 1993), here the indictment occurred before Sanchez was arrested.  As a result, he cannot establish an essential element of his false arrest claim under § 1983, the absence of probable cause for his arrest, and I recommend dismissal of this claim.  Because the absence of probable cause is also an essential element of false imprisonment claims in New Mexico, I would recommend dismissal of Sanchez's false imprisonment claim on this ground as well if I did not find that it was barred by *Heck*.

## CONCLUSION

Although a plaintiff should ordinarily be given the chance to amend a complaint before

dismissal under Rule 12(b)(6), such an opportunity is unnecessary "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d at 1282. Here, amendment would be futile because Sanchez's indictment by a grand jury before his arrest established probable cause that precludes his § 1983 claims for false arrest and false imprisonment. Sanchez's false imprisonment claim is also barred by *Heck v. Humphrey* because judgment in his favor "would necessarily imply the invalidity" of the sentence he is serving from his plea of *nolo contendere*. 512 U.S. at 487.

For the foregoing reasons, I recommend that Defendants' Motion (Doc. 4) be granted and Sanchez's Complaint (Doc. 1, Ex. 1) be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge